# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Cr. ID No. 1201020817A |
| | ) | |
| LAMOTT E. STEVENSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 19, 2022
Decided:  November 29, 2022

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S SECOND MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Mark A. Denney, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorneys for the State.

Lamott E. Stevenson, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

SALOMONE, Commissioner

This 29th day of November 2022, upon consideration of Defendant's Second Rule 61 Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.      Defendant Lamott E. Stevenson ("Stevenson") was indicted on two counts of Robbery in the First Degree, one count of Assault in the Second Degree, three counts of Possession of a Deadly Weapon During Commission of a Felony ("PDWDCF"), two counts of Possession of a Firearm During Commission of a Felony ("PFDCF"), one count of Conspiracy in the Second Degree and one count of Wearing a Disguise During Commission of a Felony arising out of a violent home invasion that occurred on December 15, 2011.[1]

2.      Stevenson received a number of plea offers from the State but refused all proposed plea deals and proceeded to trial on all charges.

3.      On November 9, 2012, following a three-day trial, a jury found Stevenson guilty of all charges.[2]

4.      On December 20, 2012, the State filed a Motion to Declare Defendant a habitual offender, which the Court granted on March 22, 2013.[3]

---

[1] Stevenson was also indicted on one count of Possession of a Deadly Weapon by a Person Prohibited and one count of Possession of a Firearm by a Person Prohibited. The Court granted Stevenson's motion to sever those charges for trial purposes. *State v. Stevenson*, I.D. No. 1201020817A ("Case"), Docket No. ("#") 10.

[2] *State v. Stevenson*, I.D. No. 1201020817A ("Case"), Docket No. ("#") 54.

[3] Case, at #67, 69.

5. On that same day, the Superior Court sentenced Stevenson to 192 years of incarceration.[4]

6. On April 17, 2013, Stevenson appealed his conviction to the Delaware Supreme Court on the following grounds: (i) the prosecutor made improper remarks during closing argument, (ii) there was insufficient evidence to support the State's claim that Stevenson received treatment at the hospital following the crime,[5] and (iii) the Court improperly denied his Motion for Judgment of Acquittal.[6]

7. On December 20, 2013, the Delaware Supreme found Stevenson's claims to be without merit and the Court affirmed the judgment of the Superior Court.[7]

8. On April 2, 2014, Stevenson filed a *pro so* Motion for Postconviction Relief and Appointment of Counsel.[8]

9. On April 15, 2014, the Court granted Stevenson's request for counsel.[9]

10. On September 29, 2014, through appointed counsel, Stevenson filed an amended Motion for Post Conviction Relief. Appointed Rule 61 counsel raised a

---

[4] Case, at #69.

[5] Stevenson was shot by the homeowner during commission of the crimes for which he was convicted. When he sought treatment at the hospital, he did not give his name but rather that of Bryant Brown who was a co-defendant and lived at the same address as Stevenson.

[6] Case, at #90.

[7] *Stevenson v. State,* 83 A.3d 738 (Del. 2013) (TABLE).

[8] Case, at #95, 97.

[9] Case, at #96.

single claim for relief that Stevenson was deprived of effective counsel during the negotiating process surrounding his potential plea offers.[10] Specifically, Stevenson argued that trial counsel failed to properly advise him regarding his possible sentencing as an habitual offender and, but for that failure, he would have accepted a plea.[11] Following a careful and thorough review of the record and submissions, the Superior Court determined that trial counsel was not ineffective in his defense of Stevenson finding that there was no evidence "to suggest that trial counsel had information regarding the defendant's criminal record that he failed to disclose nor did he have the means to independently obtain the information that would have led to the discovery of defendant's potential habitual defender status."[12]

---

[10] Case, at #114.

[11] Under 11 *Del. C.* §4214(a), any person that commits a fourth felony may be declared an "habitual offender" thereby potentially subjecting that person to enhanced sentencing. It was known by both the State and trial counsel that Stevenson had two felony convictions in Delaware, but it was not until the eve of trial that the State learned that Stevenson also pled guilty in 2009 in federal district court to a third felony. The federal conviction made Stevenson eligible for sentencing as a habitual offender under 11 *Del. C.* §4214(a).

In his first Rule 61 Motion, Stevenson argued that trial counsel had an affirmative duty to determine whether he had any out-of-state or federal convictions which would have made him eligible for habitual offender status and that counsel's failure to investigate and discover Stevenson's federal conviction fell below an objective standard of reasonableness under *Strickland v. Washington*, 466 U.S. 668 (1984). Stevenson further argued that counsel's failure caused him prejudice because the misinformation never allowed him to negotiate a plea deal with a true understanding of his actual potential exposure to jail time as a habitual offender. Case, at #122.

[12] Case, at #128. *See* Superior Court Order, dated May 26, 2015, affirming and adopting the Commissioner's Order, dated February 9, 2015, which denied Stevenson's Rule 61 Motion.

3

11. On appeal, the Delaware Supreme Court likewise concluded that Stevenson's Rule 61 motion was without merit.[13]

## STEVENSON'S SECOND RULE 61 MOTION

12. On February 17, 2021, Stevenson filed the subject Rule 61 Postconviction Motion for Relief, his second Rule 61 motion (the "Second Rule 61 Motion"). In connection with this Second Rule 61 motion, Stevenson also requested the appointment of counsel, which the Court denied on March 26, 2021.[14]

13. In his Second Rule 61 motion, Stevenson raises three grounds for postconviction relief:

   a. **Ground One: Improper Plea Colloquy under Superior Court Rule 11(c)(1).** Stevenson asserts that the trial "court was negligent in it[s] duty during the plea colloquy hearing stage under Superior Court Criminal Rule 11(c)(1) when it failed to inform Stevenson of his correct maximum sentence under 11 *Del. C.* [§] 4214(a) denying him his federal and state due process rights . . ."

   b. **Ground Two: Inaccurate Advice By the Court During the Plea Colloquy.** Stevenson asserts that during the plea colloquy hearing the Court asked trial counsel what would be the maximum amount of time Stevenson would be facing if he were convicted of all charges at trial. In response, trial counsel stated 22 years. However, Stevenson was sentenced to 192 years as a habitual offender.

---

[13] *Stevenson v. State,* 132 A.3d 1 (Del. 2016)(finding that Stevenson failed to demonstrate that there was a reasonable probability he suffered prejudice under *Strickland* due to trial counsel's failure to discover his federal conviction because, even if he had accepted the State's plea offer, (i) the State would have remained free to seek habitual offender status prior to sentencing and (ii) it was doubtful that the State would have agreed to a plea once it learned of Stevenson's federal conviction).

[14] Case, at ##144-146.

c. **Ground Three: Ineffective Assistance of Counsel.** Stevenson claims that the inaccurate information regarding the maximum time he could serve if convicted of all charges (i.e. 22 years) "influenced his decision NOT to pled guilty" to the three plea offers made by the State but instead elected to go to trial believing he would be facing a maximum of 22 years if convicted of all charges.

14. At the onset, it must be reiterated that Stevenson had a trial by jury and did not accept a guilty plea. Therefore, his references to a "plea colloquy" in his Second Rule 61 Motion are factually inaccurate. Rather, the discussions before the Court regarding his plea offers occurred during his case reviews which were conducted prior to his trial. Stevenson provides no authority for the notion that the requirements set forth in Rule 11 of the Delaware Rules of Criminal Procedure regarding guilty pleas apply in the context of case reviews.

15. For the reasons discussed below, Stevenson has failed to meet the pleading requirements allowing him to proceed with his Second Rule 61 motion.

### LEGAL STANDARD AND ANALYSIS

16. Stevenson's Second Rule 61 motion falls short of the procedural requirements that must be met in order to proceed with the merits of his claims. If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the claim.[15]

---

[15] Super.Ct.Crim.R. 61(i).

17. Rule 61 (i) imposes four procedural requirements: (i) the motion must be filed within one year of a final order of conviction;[16] (ii) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of *new* evidence that creates a strong inference of defendant's actual innocence or a *new* rule of constitutional law that would render the conviction invalid) warranting a subsequent motion being filed; (iii) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (iv) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[17]

18. Stevenson's Second Rule 61 Motion fails to meet the procedural requirements of both Rule 61(i)(2) and (i)(4).

19. Rule 61(i)(2) mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually

---

[16] Super.Ct.Crim.R. 61(i)(1).

[17] Super.Ct.Crim.R. 61.

innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[18] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[19]

20. In this case, Stevenson has not pled that any *new* evidence exists that creates a strong inference that he is actually innocent of the charges for which he was convicted[20] or that there is a *new* rule of law made retroactive to cases on collateral review that would render his conviction invalid.

21. Stevenson's claims raised in this Second Rule 61 Motion are essentially the same factual assertions raised in his first Rule 61 Motion. Namely, that had he been apprised by his counsel (or, in this case, the Court) that his maximum potential sentence if convicted of all charges could exceed 22 years, then he would not have rejected the plea offers made by the State.[21] Or, stated differently, he contends he

---

[18] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).

[19] Super.Ct.Crim.R. 61(d)(5).

[20] Stevenson does not allege the existence of **any** new evidence, let alone the existence of new evidence that would create a strong inference that he was actually innocent of the charges.

[21] The fact that Stevenson now claims the Court engage in an "improper plea colloquy" and provided him with "inaccurate advice" is not a fundamentally different argument than that poised in his first Rule 61 motion and, even if it were, he could have raised such claims in his first timely filed Rule 61.

would have accepted one of the three plea offers if he had known about the potential for jail time of 192 years being imposed by virtue of his being found to be an habitual offender. Both the Superior Court and, on appeal, the Supreme Court found that trial counsel's failure to uncover Stevenson's federal conviction had no effect on the plea process.[22]

22. Having already been adjudicated, Stevenson's claims in this Second Rule 61 Motion are also barred under Rule 61(i)(4) which provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a habeas corpus proceeding, is thereafter barred."[23]

23. Rule 61(i)(4) precludes this Court's consideration of the claims presented herein to the extent that those claims were raised and adjudicated on direct appeal or in Stevenson's first motion for postconviction relief. In Stevenson's first Rule 61 motion, the Delaware Supreme Court found that Stevenson failed to demonstrate that there was a reasonable probability that the outcome of his case would have been different even if trial counsel had advised Stevenson of his habitual offender status.

---

[22] *See Stevenson v. State,* 132 A.3d 1 (Del. 2016). Having found no reasonable probability of prejudice under *Strickland*, the Delaware Supreme Court did not decide whether counsel's performance was deficient. *Id.* at 2.

[23] Super.Ct.Crim.R. 61(i)(4).

24. To the extent Stevenson is re-raising, re-stating or re-couching claims previously raised in his first timely filed Rule 61 motion, any such claims are procedurally barred as previously adjudicated.[24]

25. Stevenson has not established any prejudice to his rights and/or cause for relief. Stevenson had time and opportunity to raise any issue raised herein in a timely filed postconviction motion. There is no just reason for Stevenson's delay in doing so. Having been provided with a full and fair opportunity to present any desired claim in his first timely filed Rule 61 motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

26. Stevenson has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, his Second Rule 61 Motion should be summarily dismissed.

For all of the foregoing reasons, Stevenson's second motion for postconviction relief should be **SUMMARILY DISMISSED**.

**IT IS SO RECOMMENDED.**

/s/ Janine M. Salomone
The Honorable Janine M. Salomone

cc:     Prothonotary

---

[24] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

9